10/17/2025 3:13 PM
24CV39962

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF JACKSON

| | |
|---|---|
| ROGUE VALLEY PEPPER SHAKERS, an unincorporated association; STABBIN' WAGON, a nonprofit public benefit corporation; and MELISSA JONES, an individual,<br><br>                    Plaintiffs,<br><br>     v.<br><br>CITY OF MEDFORD, a municipal corporation,<br><br>                    Defendant. | CASE NO. 24CV39962<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>Filing Fee: $281 (ORS 21.135(1), (2)(f)) |

## INTRODUCTION

1.

Police surveillance of protected political activities is not only unlawful; it is incompatible with life in a free society. The violation of democratic principles is all the greater when police target civilians for surveillance based on the content of their speech and protest activity. The Medford Police Department is doing precisely that—namely, illegally spying on civilians engaging in peaceful, constitutionally protected speech and protest activities. This lawsuit asks the Court to put a stop to Medford's unlawful conduct and to uphold Oregon law and the democratic principles and rights it seeks to protect.

PAGE 1 –   FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

2.

This case arises out of the Medford Police Department's rampant violation of ORS 181A.250—an Oregon statute that specifically prohibits police from collecting and maintaining information on political and social activities and associations—and the democratic principles it codifies in Oregon law. Plaintiffs seek to vindicate those principles and enforce Oregon law by putting an end to the City of Medford's illegal, long-running and widespread campaign of surveillance.

3.

Documents show the Medford Police Department has systematically violated ORS 181A.250 by targeting civilian activists, advocates, and grassroots organizations—including Plaintiffs and like-minded people and groups throughout the Rogue Valley—for covert surveillance and monitoring, outside of any criminal investigation, and based upon the content of their protected political activities.

4.

While the City's violations of this anti-surveillance law involve modern technologies and platforms—including monitoring social media accounts—they have a long history in Oregon policing.

5.

When the Oregon Legislature adopted ORS 181A.250, it unequivocally sought to put an end to law enforcement's collection of intelligence on protected political associations, speech, and protest activities. But in clear violation of Oregon law and Medford's own policies, MPD has not only continued these illegal practices but also modernized them; while police in the 1960s maintained paper dossiers on progressive political groups, MPD now engages in the systematic, on-demand collection and maintenance of digital dossiers

PAGE 2 –    FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE
            RELIEF

BRADLEY BERNSTEIN SANDS LLP
1211 NW Glisan St., Suite 204
Portland, OR 97209

EXHIBIT 1
PAGE 2 of 17

1  from civilian social media accounts and other internet sources without any legitimate
2  criminal investigative purpose whatsoever.

3  6.

4  Simply put, MPD is abusing its power to spy on activists whose views it dislikes—
5  and, not only that, building and maintaining files about such people and organizations
6  without any justifiable law enforcement purpose, a blatant violation of Oregon law.

7  7.

8  The Court's intervention is necessary to declare MPD's surveillance activities
9  unlawful and to put a stop to them—once and for all.

## THE PARTIES

8.

Plaintiff Rogue Valley Pepper Shakers is an Oregon unincorporated association that advocates for queer people, unhoused people, and other groups who are similarly marginalized in Southern Oregon. Rogue Valley Pepper Shakers has its principal place of business in Jackson County, Oregon. Documents show MPD collects and maintains information about Rogue Valley Pepper Shakers' associations and activities in violation of ORS 181A.250.

9.

Plaintiff Stabbin' Wagon is an Oregon nonprofit corporation engaged in providing harm reduction and overdose prevention supplies and services to people in Southern Oregon and advocating for the rights of unhoused residents in Jackson County. Stabbin' Wagon has its principal place of business in Jackson County, Oregon. Documents show MPD collects and maintains information about Stabbin' Wagon's associations and activities in violation of ORS 181A.250.

PAGE 3 –   FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

10.

Plaintiff Melissa Jones is a community advocate and former Executive Director of Stabbin' Wagon. At all times relevant, Jones resided in Jackson County, Oregon. Documents show MPD collects and maintains information about Jones's associations and activities in violation of ORS 181A.250.

11.

Defendant City of Medford (the "City") is an Oregon municipal corporation. MPD is a department of the City of Medford. The City and MPD have a principal place of business in Jackson County, Oregon, and this suit arises out of their unlawful activities in Jackson County.

**FACTUAL ALLEGATIONS**

**A.    Oregon Law Prohibits Police Surveillance of Political Activities.**

12.

Oregon Revised Statute 181A.250 identifies "Specific information not to be collected or maintained" by law enforcement, stating in full:

> No law enforcement agency, as defined in ORS 181A.010 (Definitions for ORS 181A.010 to 181A.350), may collect or maintain information about the political, religious or social views, associations or activities of any individual, group, association, organization, corporation, business or partnership unless such information directly relates to an investigation of criminal activities, and there are reasonable grounds to suspect the subject of the information is or may be involved in criminal conduct.

13.

In recognition of the requirements of ORS 181A.250, MPD's Policy Manual—like many such manuals throughout the state—now expressly prohibits the collection or

PAGE 4 –   FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

maintenance of information in violation of the statute.[1]

14.

In practice, however, MPD routinely violates ORS 181A.250 and its own policies. Indeed, MPD engages in many of the same tactics that the Legislature specifically intended to prohibit when it adopted that statute. Even worse, the City endorses this practice of violating its own policy and Oregon law.

### B. Medford Police Department Targeted Plaintiffs for Surveillance Due to Plaintiffs' Abolitionist Views and Law Enforcement Accountability Activities

15.

The City's intentional surveillance of progressive activists and groups has swept up Plaintiffs, too.

#### 1. Rogue Valley Pepper Shakers

16.

Rogue Valley Pepper Shakers is a non-profit organization active in organizing for and supporting LGBTQIA2S+ rights, reproductive justice, and housing and rights for unhoused residents in Southern Oregon.  Their goal is to counter bigotry in all its forms throughout the Rogue Valley and Oregon.  The organization is also vocal in calling public attention to law enforcement misconduct, corruption, and violence in the Rogue Valley, including by MPD.

17.

Public records show MPD maintains a dossier of Rogue Valley Pepper Shakers' political activity and affiliations spanning several years.  The dossier contains evidence

---

[1] *See* Medford Police Department, *Medford Police Department Policy Manual*, at 473, available at https://www.medfordoregon.gov/files/assets/public/v/1/police/documents/mpd-policy-manual_2.pdf.

PAGE 5 –   FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

showing MPD collects, and then maintains, information about Rogue Valley Pepper Shaker's protected political activity including:

    a. A screenshot of a December 30, 2020, Facebook post showing multiple photographs of images saved to a Facebook photo album posted by Rogue Valley Pepper Shakers concerning religious-based anti-abortion advocacy in Jackson County.

    b. A screenshot of a February 17, 2021, Facebook post by Rogue Valley Pepper Shakers announcing the non-profit had achieved 40,000 social media followers, listing the first and last names of individual "bigots" in the community it wished to thank for helping it achieve success, and providing a link to the organization's TikTok account.

    c. A screenshot of a December 26, 2021, Facebook post by Rogue Valley Pepper Shakers in which the group "wishes everyone a Happy Holidays – and remember to protect your local clinics!" states "Love thy neighbor this holiday season" and that "pastor Brett White . . . loves to yell at women outside of [abortion] clinics" with a photograph of Rogue Valley Pepper Shaker members in holiday attire standing near a First Baptist Church sign with pride flags and a hand-written sign reading "I DON'T CARE WHAT THE BIBLE SAYS."

    d. A screenshot of a June 24, 2022, social medial post by Rogue Valley Pepper Shakers announcing a reproductive rights demonstration in response to the United States Supreme Court ruling in *Dobbs v. Jackson Women's Health Organization* (2022) overturning the abortion protections long recognized under *Roe v. Wade* (1973) and *Planned Parenthood v. Casey* (1992), stating "Join us at Vogel Plaza in downtown Medford at 6:00 tonight. Bring signs, your rage, and all your friends." MPD emails show the police were monitoring

PAGE 6 –  FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

"personal pages" and "the group's Instagram page as well." MPD noted that despite tracking the event being shared "99 times across personal pages and some groups, it had identified "only one" concerning comment by someone with "limited priors." The email also specifically mentioned that "Melissa Jones has posted that she will be there and shared the details about the event on each of the groups she is associated with."

18.

Nothing in the above posts relates to any criminal activity by or legitimate criminal investigation regarding the Rogue Valley Pepper Shakers or its members.

19.

Rather, the common denominator among the images MPD captured and stored is that they relate to Rogue Valley Pepper Shakers' provocative but constitutionally protected political activity, viewpoints, and associations with respect to its LGBTQIA2S+ and reproductive rights advocacy – protected activity under the First Amendment and ORS 181A.250.

**2.     Stabbin' Wagon and Melissa Jones**

20.

Plaintiff Stabbin' Wagon provides and advocates for harm reduction services including the distribution of clean syringes, overdose prevention medication, and contraceptives. It also operates a peer-run crisis respite and alternative to psychiatric hospitalization facility in Jackson County. In conjunction with the services it provides, Stabbin' Wagon vocally advocates for harm reduction, housing rights, and social justice causes in the Rogue Valley. Stabbin' Wagon frequently engages in recording and publishing law enforcement interactions with Stabbin' Wagon clients and the public in online social media posts. Stabbin' Wagon as an organization has a policy and practice of not aiding or working with law enforcement.

PAGE 7 –   FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

21.

Plaintiff Melissa Jones is an activist and community organizer in Southern Oregon supporting housing and rights for homeless people, reproductive rights, LGBTQIA2S+ rights, psychiatric rights, and ending overdoses.  She works to address racist and classist issues within the war on drugs by advocating for decriminalization, safe supply and safe consumption sites, and social justice work through an equity, equality, and abolition lens. Jones was the founder of non-profit Stabbin' Wagon, which provides harm reduction and outreach services to at-risk and unhoused residents in Jackson County. Jones has been active in filming law enforcement misconduct and calling public attention to police abuse of vulnerable and unhoused residents in Jackson County.

22.

Public records show MPD maintains a dossier of Stabbin' Wagon and Jones' political activity and affiliations spanning several years.  The dossier contains evidence showing MPD collects, and then maintains, information about Stabbin' Wagon and Jones' protected political activity including:

    a. A March 4, 2021 email from MPD's Divya Fisher to D.J. Graham regarding an upcoming protest "scheduled to occur" "in response to the COVID outbreak at the jail."  Disturbingly, Fisher somehow knew that "This event is not being advertised on social media (or other public channels) and is being shared solely via direct message." The email specifically identifies Jones as a "known protest player[]" and that she, along with others, "frequently post calls to action and were very vocal about their displeasure about MPD's evolvement [sic] during the Hawthorne Park encampment." Fisher confirms she is monitoring social media including the "local BLM/ protest pages" and "will scan other social media platforms and see if there is any mention of this event[.]" Graham forwarded the email to MPD's Sgt. Venables and others.

PAGE 8 –   FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1  Fisher later responds she went so far as to "check[] a variety of social media
2  platforms" and "contacted the FBI to see if there is something I am missing"
3  but none of these efforts yielded any evidence of criminal activity. Graham
4  notes MPD also reached out to the FUSION Center seeking information, but
5  found nothing. He reiterates MPD's belief that Jones is affiliated with Siskiyou
6  Abolition Project.

7  b. A May 11, 2021, email by Mayor Randy Sparacino, former MPD Police Chief,
8  to MDP's Scott Clauson containing the Jefferson Public Radio article "As
9  Encampment Evictions Begin in Medford, Where Are People Supposed to
10  Go?" quoting Melissa Jones talking on behalf of Stabbin' Wagon about police
11  raiding homeless camps and mentioning Siskiyou Street News and Rise &
12  Resist Southern Oregon engaging in outreach and fundraising to address
13  homelessness. The email from Sparacino tells Clauson he "wanted you to be
14  aware of what they're saying."

15  c. A June 16, 2022, action plan against a "Rave against Rogue Retreat" event.
16  MPD noted that "Melissa Jones is the organizer of the event" and that
17  according to MPD Crime Analysts, the "Source of information is on Facebook
18  and Instagram." MPD stated the "event will be monitored by social media."
19  MPD Sgt. Venables was listed as second in command charged with
20  responding to the event, including "Trespassing and/or Disorderly Conduct at
21  the City Hall" "as needed."

22  d. A June 24, 2022, email in which MPD admits to monitoring Jones' social media
23  accounts relating to her attendance at a reproductive rights demonstration,
24  specifically mentioning that Jones had shared details about the event with
25  "each of the groups she is associated with."

PAGE 9 –   FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

    e. Emails from 2023 in response to Stabbin' Wagon being awarded a $1.5 million grant from the Oregon Health Authority to open a peer respite in Southern Oregon, including MPD Police Chief Justin Ivens and Deputy Police Chief Trevor Arnold collecting and distributing links and commentary on news articles, quotes, and information about Stabbin' Wagon and Jones' activities to other officers and community leaders to incite outrage over Stabbin' Wagon receiving the grant, calling it "unbelievable" and falsely alleging to other non-profit leaders that Stabbin' Wagon receiving grant funding would "cause more destruction." Ivens sent the information to MPD Livability Team ("LVT") Sgt. Geoffrey Kirkpatrick with the sarcastic comment "Great news." Kirkpatrick responded, "I have no words." The emails were the subject of public interest in local and national reporting.[2] Stabbin' Wagon and Jones only became aware of the monitoring activity by MPD in late 2023 following public records requests and news articles.

//

---

[2] Jane Vaughan, *Medford-based harm reduction group on track to receive $1.5 million OHA grant*, OPB (Sept. 7, 2023), *available at* https://www.opb.org/article/2023/09/07/harm-reduction-medford-stabbin-wagon-/; Jake Thomas, *Facing backlash over $1.5 million state grant, Stabbin' Wagon speaks out*, THE LUND REPORT (Sept. 12, 2023), *available at* https://www.thelundreport.org/content/facing-backlash-over-15-million-state-grant-stabbin-wagon-speaks-out; Jamie Lusch, *Stabbin Wagon's $1.5 million grant raises questions, emails show*, ROGUE VALLEY TIMES (Sept. 13, 2023), *available at* https://www.rv-times.com/localstate/stabbin-wagons-1-5-million-grant-raises-questions-emails-show/article_f372c4e4-5181-11ee-99b6-63eecc2cae8b.html; Tammy Kim, *A Drug Decriminalization Fight Erupts in Oregon*, THE NEW YORKER (Jan. 15, 2024), *available at* https://www.newyorker.com/magazine/2024/01/22/a-new-drug-war-in-oregon; Justin Higginbottom, *Stabbin' Wagon planning to sue City of Medford and police for alleged misconduct*, JEFFERSON PUBLIC RADIO (Jan. 30, 2024), *available at* https://www.ijpr.org/law-and-justice/2024-01-30/stabbin-wagon-planning-to-sue-city-of-medford-and-police-for-alleged-misconduct; *POLICE AND CITY OF MEDFORD COLLUDE TO DEFUND HARM REDUCTION NONPROFIT*, INFORMATION FOR PUBLIC USE (2023), *available at* https://info4publicuse.org/2023/10/defund-medford-harm-reduction/.

PAGE 10 – FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

BRADLEY BERNSTEIN SANDS LLP
1211 NW Glisan St., Suite 204
Portland, OR 97209

EXHIBIT 1
PAGE 10 of 17

23.

Nothing in the above documents relates to any criminal activity by or legitimate criminal investigation regarding Stabbin' Wagon or Jones.

24.

Rather, the common denominator among the information MPD collected and stored is that they relate Stabbin' Wagon and Jones' provocative but constitutionally protected political activity, viewpoints, and associations with respect to their decriminalization, housing rights, LGBTQIA2S+ and reproductive rights advocacy – protected activity under the First Amendment and ORS 181A.250.

25.

Former MPD Sgt. Tom Venables confirmed to Jones in writing that MPD was spying on her out of malicious "bias" against Jones for her Stabbin' Wagon activity and activism.

26.

Venables had previously been a member of the MPD Livability Team, also known as the LVT, a task force that focuses on contact with unhoused residents in Medford. MPD Sgt. Geoffrey Kirkpatrick had also served as the lead of the Livability Team. While serving on the LVT, Kirkpatrick was hostile and displayed animosity toward Jones, Stabbin' Wagon, and other housing rights activists who often video recorded Kirkpatrick and MPD officers engaging in misconduct and then posted the videos with commentary on social media. In one such video recorded July 29, 2021, Kirkpatrick is shown berating an activist for recording him during a camp sweep, then when the activist states he is going to call his attorney, Kirkpatrick threatens "If you're not gone by Thursday morning I'm going to put handcuffs on you."

27.

On January 8, 2023, Venables contacted Jones via Facebook Messenger. During the instant message exchange, Venables wrote to Jones "I have a conversation between

PAGE 11 – FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Kirkpatrick and I you'd be interested in." He continued "I'm not claiming to be an innocent party in this, but the 'leader' of the LVT definitely has a bias towards you." Venables said "since I'm not a police officer any longer and I share in the Kirkpatrick is a prick movement I wanted to show you what he was circulating."

28.

When Jones asked what Kirkpatrick was circulating, Venables declined to answer.

29.

Venables deleted the parts of his message chain to Jones that specifically mentioned Kirkpatrick, but by then Jones had already taken screenshots of the full conversation.

30.

Venables also publicly confirmed that MPD monitors social media accounts of activists. In late 2023, apparently disagreeing with MPD's targeting and surveillance of non-violent activists, Venables commented on a Facebook post in the Jackson County Scanner Group page, stating "Ryan Mallory What do you think about PD creating fake profiles to 'monitor' the activity? Does that change your view?"

31.

By 2023, records show MPD was paying an analyst to continuously monitor and maintain records about activists' social media and political activity in Jackson County, despite such individuals and organizations having no connection to criminal activity nor being connected to any criminal investigation.

//
//
//
//
//

PAGE 12 – FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

C. **In Response to Media Investigations, the City Admits—And Doubles Down On—Its Unlawful Surveillance of Plaintiffs and Others.**

32.

In November 2023, The Intercept published a detailed report on MPD's unlawful surveillance of progressive groups.[3] As The Intercept reported, emails procured through public records requests showed that "the Medford Police Department coordinated heavy-handed police responses to peaceful rallies and protests, tracked activist groups' social media pages, and consistently treated typical, First Amendment-protected activity as a potential crime worthy of law enforcement scrutiny." *Id.*

33.

In response to this reporting on its unlawful surveillance practices, the City declined to disavow them. Instead, the City affirmed its intention to continue surveilling members of the public in violation of Oregon law.

34.

In particular, the City expressly affirmed its view that MPD was entitled to monitor people's social media accounts without any relation to an investigation of criminal conduct. The City responded to the Intercept's reporting by asserting that "[m]onitoring social media accounts available to the general public does not violate any part of the constitution or any Oregon statute, including ORS 181A.010….Law enforcement agencies, including the Medford Police Department, actively look at the public social media profiles of organizations and individuals when there is reported or self-evident concern of a public safety interest."

//

---

[3] *See* Lennard, *Oregon Police Obsessively Spied on Activists for Years, Evan After Pipeline Fight Ended*.

PAGE 13 – FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

BRADLEY BERNSTEIN SANDS LLP
1211 NW Glisan St., Suite 204
Portland, OR 97209

EXHIBIT 1
PAGE 13 of 17

35.

In fact, there is no "public safety interest" exception in ORS 181A.250 or elsewhere in Oregon law that would allow MPD to collect or maintain information in violation of that statute. Indeed, allowing MPD to collect information based on an unarticulated, generalized "public safety interest" would violate the plain language and eviscerate the core purpose of ORS 181A.250, which allows the collection of such information only if it directly relates to an investigation of criminal activities and there are reasonable grounds to suspect the subject of the information is or may be involved in criminal conduct.

36.

The City's surveillance activities are clearly unlawful under ORS 181A.250. Yet the City has expressly confirmed it believes they are lawful—and has confirmed such activities are ongoing. Accordingly, the Court's intervention is necessary.

**FIRST CLAIM FOR RELIEF**

**UNLAWFUL POLICE SURVEILLANCE**

**DECLARATORY AND INJUNCTIVE RELIEF—ORS 28.010 *ET SEQ.* AND ORS 181A.250**

37.

Plaintiffs reallege and incorporate by reference paragraphs 1 to 61 above.

38.

MPD is a "law enforcement agency" as that term is defined by ORS 181A.010 and a department of the City.

39.

As a law enforcement agency, MPD is prohibited under ORS 181A.250 from "collect[ing] or maintain[ing] information about the political, religious or social views, associations, or activities of any individual, group, association, organization, corporation, business or partnership unless such information directly relates to an investigation of

PAGE 14 – FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1  criminal activities, and there are reasonable grounds to suspect the subject of the
2  information is or may be involved in criminal conduct."

40.

3
4  Through MPD, the City is engaged in the unlawful, widespread collection of
5  information relating to each of Plaintiffs' political and social views, associations and
6  activities in violation of ORS 181A.250.

41.

7  Through MPD, the City is further engaged in the unlawful, widespread maintenance
8  of information relating to each of Plaintiffs' political and social views, associations and
9  activities in violation of ORS 181A.250.
10

42.

11
12  The information collected and maintained by MPD does not directly relate to any
13  investigation of criminal activities in which there is reasonable suspicion to suspect that any
14  of Plaintiffs are involved in criminal conduct, but instead amounts to the unlawful
15  collection of political and social intelligence information relating to Plaintiffs'
16  constitutionally protected activities.

43.

17
18  Pursuant to ORS 28.010 *et seq.*, the Uniform Declaratory Judgment Act, Plaintiffs are
19  entitled to a declaration that the City is violating ORS 181A.250 through MPD's collection
20  and maintenance of such information.

44.

21
22  Plaintiffs are further entitled to supplemental relief pursuant to ORS 28.080 enjoining
23  the City, through MPD, from unlawfully collecting or maintaining any further information
24  on Plaintiffs' political or social views, associations, or activities.
25  //
26  //
27  PAGE 15 – FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE
          RELIEF
28

BRADLEY BERNSTEIN SANDS LLP
1211 NW Glisan St., Suite 204
Portland, OR 97209

**EXHIBIT 1**
**PAGE 15 of 17**

**WHEREFORE**, Plaintiffs request that the Court award the following relief:

1. A declaration that the City's collection and maintenance of information relating to Plaintiffs' political and social views, associations and activities through MPD violates ORS 181A.250;

2. Preliminary and/or permanent injunctive relief prohibiting the City, through MPD, from collecting or maintaining any further information on Plaintiffs' political or social views, associations, or activities; and

3. Such other relief as the Court deems just and proper.

DATED: April 17, 2025

*s/Colin Hunter*
Colin Hunter, OSB No. 131161
chunter@bradleybernstein.com
Gina Elliott, OSB No. 236165
gelliott@bradleybernstein.com
Bradley Bernstein Sands LLP
1211 NW Glisan St., Suite 204
Portland, OR 97209
Telephone: 971.337.0190

Kelly Simon, OSB No. 154213
ksimon@aclu-or.org
Eri Andriola, OSB No. 246500
eandriola@aclu-or.org
Alicia LeDuc Montgomery, OSB No. 173963
aleducmontgomery@aclu-or.org
American Civil Liberties Union of Oregon
PO Box 40585
Portland, OR 97240
Telephone: 503.227.3186

*Attorneys for Plaintiffs Rogue Valley Pepper Shakers, Stabbin' Wagon, and Melissa Jones*

PAGE 16 – FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

# CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing **FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** on the following named person(s) by the method indicated below:

- ¨ mailing with postage prepaid
- ¨ hand delivery
- ¨ facsimile transmission
- ¨ overnight delivery
- ☒ Electronic service via Odyssey eFile & Serve, where applicable
- ☒ Email service

Stephanie Kucera
Hart Wagner LLP
15 SW Colorado Ave, Suite 375
Bend, OR 97702
*SCK@hartwagner.com*

Attorney for Defendant

Date: April 17, 2025

*s/Colin Hunter*
Colin Hunter, OSB No. 131161
chunter@bradleybernstein.com

PAGE 17 – FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**BRADLEY BERNSTEIN SANDS LLP**
1211 NW Glisan St., Suite 204
Portland, OR 97209

**EXHIBIT 1
PAGE 17 of 17**