**Casey S. Murdock, OSB #144914**
Murdock@fdfirm.com
FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, PC
2592 East Barnett Road
Medford, OR 97504
Phone: (541) 772-2333
Fax:    (541) 779-6379
Of Attorneys for Defendant Ryan Mallory

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

|  |  |
|---|---|
| STABBIN WAGON, an Oregon public benefit corporation; MELISSA JONES, an individual; and SAMANTHA STRONG, an individual, | Case No. 1:25-cv-1632-MTK **DEFENDANT RYAN MALLORY'S RULE 12 MOTION TO DISMISS** **Fed. R. Civ. P. 12(b)(6)** **Oral Argument Requested** |
| Plaintiffs, | |
| v. | |
| CITY OF MEDFORD, a municipal corporation; BRIAN SJOTHUN, an individual; RANDY SPARACINO, an individual; JUSTIN IVENS, an individual; DARRELL GRAHAM, an individual; GEOFF KIRKPATRICK, an individual; TREVOR ARNOLD, an individual; ARTURO VEGA, an individual; RYAN MALLORY, an individual; and JOHN and JANE DOES 1-9, individual employees or agents of the City of Medford, | |
| Defendants. | |

Page 1 -  **DEFENDANT RYAN MALLORY'S RULE 12 MOTION TO DISMISS**

**FROHNMAYER, DEATHERAGE, JAMIESON,**
**MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

## <u>CERTIFICATION OF COMPLIANCE WITH LR 7.1</u>

These issues were addressed during repeated conferral via e-mail and telephone between all counsel. Plaintiffs amended their Complaint twice, but elected to maintain their current claim for civil conspiracy under 42 U.S.C. § 1985 as the sole operative claim against Defendant Ryan Mallory. *See generally,* court docket; *Sec. Amend. Compl. (ECF No. 32).*

## INTRODUCTION

Plaintiffs' Second Amended Complaint alleges claims against Defendant Mallory under 42 U.S.C. § 1985(3) for his alleged Conspiracy to Violate Civil Rights. *ECF No. 32.* The claim fails as a matter of law because Defendant Mallory is a private citizen who operates a social media platform and did not act under color of state law, the conspiracy allegations fail to meet the stringent requirements of Section 1985(3), including the requirement of class-based invidious animus and adequate pleading of an agreement between conspirators. The Complaint's allegations against Defendant Mallory are conclusory, speculative, and insufficient to state a plausible claim for relief.

Defendant Mallory hereby joins in the briefing filed by co-defendants because they share common issues, such as: the allowable facts and allegations, the legal standards for motions to dismiss and conspiracy claims, the sufficiency of the pleading for a conspiracy claim, and whether Plaintiffs are a protected class.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim may be granted only when the pleading states no cognizable legal theory or contains insufficient factual allegations to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a pleading's factual allegations, the Court must draw all reasonable inferences in

Page 2 -   **DEFENDANT RYAN MALLORY'S RULE 12 MOTION TO DISMISS**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

favor of the non-moving party and accept all well-pleaded material facts as true. *Wilson v. Hewlett-Packard Co.,* 668 F.3d 1136, 1140 (9th Cir. 2012). Legal conclusions couched as factual allegations, however, are not entitled to that presumption of truth. *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). The plaintiff "may not simply recite the elements of a cause of action but must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011) (bracketed language inserted for clarity). Furthermore, the underlying factual allegations must "plausibly suggest an entitlement to relief." *Id*. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007)).

## FACTUAL BACKGROUND

The following facts are taken from Plaintiffs' Second Amended Complaint and are accepted as true solely for purposes of this Motion.

Defendant Mallory is described as a private citizen who operates ThiefHunter Labs LLC and moderates the Jackson County Scanner - Oregon Facebook group, which has over 100,000 members. The Complaint alleges that Defendant Mallory is "law-enforcement-adjacent" and maintains familial ties to law enforcement because he has one relative employed by the Jackson County Sheriff's Department.

Stabbin' Wagon is a Medford-based nonprofit that distributes syringes, naloxone, and drug-use supplies, among other services to people in Jackson County, operating primarily out of a white outreach van to provide support for those affected by drug use. They are vocal opponents of government and law enforcement.

Page 3 -   **DEFENDANT RYAN MALLORY'S RULE 12 MOTION TO DISMISS**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

The Complaint generally alleges that Defendant Mallory served to "amplify" the City's opposition to Stabbin' Wagon's platform and practices. Specifically, Plaintiffs allege that on August 4, 2023, Defendant Mallory published "Plaintiffs' personal information"[1] on social media, including home addresses and dates of birth, in posts drawn from jail booking records. *ECF No. 32,  ¶ 114*. On September 7, 2023, Defendant Mallory allegedly posted a video urging the community to oppose Stabbin' Wagon's receipt of a grant from the Oregon Health Authority. *ECF No. 32, ¶ 120*. The Complaint further alleges that Defendant Mallory made additional social media posts in January 2024 and March 2025 critical of Plaintiffs and their organization. *ECF No. 32, ¶ 136, ¶ 140*.

The Complaint alleges that these actions were part of some sort of conspiracy with City of Medford officials to retaliate against Plaintiffs for their protected speech and advocacy work. *See e.g., ECF No. 32, ¶ 73* (alleging basis for claim of a campaign against Plaintiffs). However, the Complaint does not allege any direct communication, agreement, or coordination between Defendant Mallory and any City of Medford official. Instead, the Complaint relies on allegations that Defendant Mallory's conduct was "aligned with" and "in furtherance of" the City's alleged objectives, and that his posts generally occurred during the same period as the City's alleged campaign against Plaintiffs. The Complaint also fails to provide any reference to Plaintiffs' "protected speech" that attacks Mallory directly or indirectly. Yet, the Complaint alleges Mallory is retaliating on the basis of that speech.

These activities reflect Mallory's public-facing persona as someone who supports crime-prevention efforts and engages with law enforcement on matters of community concern,

---

[1] It is entirely unclear how Stabbin' Wagon could be arrested or have personal identifying information.

Page 4 -   **DEFENDANT RYAN MALLORY'S RULE 12 MOTION TO DISMISS**

**FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

including political campaigns, criminal activity, unsolved cases, and the allocation of over $1 million to Plaintiffs' drug-needle-distribution program.

### LEGAL MEMORANDUM

Plaintiffs' claim is based on the inaccurate belief that political speech is a unilateral entitlement they can exploit, whereas other private individuals must be silenced from stating anything in opposition. While they can solicit millions of dollars of public funding (*ECF No. 32, ¶ 96*), disrupt public hearings by "oinking" every time police are mentioned (*ECF No. 32, ¶ 65*), openly mock and degrade the police (*ECF No. 32, ¶ 67*), and direct their ire at individuals simply because they find their actions "morally distasteful", another private citizen cannot. Plaintiffs cannot inject themselves into these public issues and seek to avoid public discourse regarding perceived inadequacies about Plaintiffs' business operations. Nor can Plaintiffs meet the stringent requirements for a civil rights conspiracy claim.

Section 1985(3) provides a cause of action for conspiracy to deprive persons of equal protection of the laws or equal privileges and immunities under the laws. 42 U.S.C. § 1985. To state a claim under Section 1985(3), a plaintiff must allege: (1) a conspiracy of two or more persons; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws or equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) injury to person or property or deprivation of a constitutional right. *Id*. Plaintiffs fail to establish the existence of a conspiracy, that they are entitled to equal protection, or any constitutional deprivation due to Mallory's actions. Plaintiffs also fail to allege any overt act by Defendant Mallory, other than conduct protected by the First Amendment.

/ / /

Page 5 -  **DEFENDANT RYAN MALLORY'S RULE 12 MOTION TO DISMISS**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

## I.  Plaintiffs' Claim Fails Because Defendant Mallory Did Not Act Under Color of Law

Section 1983 provides a cause of action against any person who, under color of state law, subjects another to the deprivation of constitutional rights. The statute expressly requires that the defendant acted "under color of any statute, ordinance, regulation, custom, or usage, of any State." 42 U.S.C. § 1983.

Section 1983 liability extends to a private party if "there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). Such a nexus may exist when, for instance, private action "results from the State's exercise of 'coercive power,'" or "when the State provides 'significant encouragement, either overt or covert,'" to the private actor. *Id.* at 296 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). To state a claim, Plaintiffs must also show that the defendants acted jointly and that some overt act was done in furtherance of the conspiracy. *Sykes v. State of Cal. (Dep't of Motor Vehicles)*, 497 F.2d 197, 200 (9th Cir. 1974).

Whether a defendant was acting under color of state law is determined by the court. *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1167 (9th Cir. 2021). "Courts must engage in 'sifting facts and weighing circumstances' to answer what is 'necessarily a fact-bound inquiry." *Id.* (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982)). The Supreme Court has articulated four tests for determining whether a private party's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test. *Franklin v. Fox*, 312 F.3d 423, 444-45 (9th Cir. 2002). Plaintiffs cannot fit their claim within any of them.

Page 6 -   **DEFENDANT RYAN MALLORY'S RULE 12 MOTION TO DISMISS**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

In this case, it is alleged that Defendant Mallory is a private citizen who operates a social media platform and consulting business. The Complaint does not allege that Defendant Mallory is a government employee, contractor, or agent. The Complaint does not allege that Defendant Mallory was acting pursuant to any state statute, ordinance, regulation, custom, or usage. The Complaint does not allege that Defendant Mallory exercised any power possessed by virtue of state law or made possible only because he was clothed with the authority of state law.

Instead, the Complaint alleges only that Defendant Mallory made social media posts critical of Plaintiffs, published publicly available information about Plaintiffs, and expressed opinions opposing Plaintiffs' receipt of state grant funding. These are quintessentially private acts of speech and expression that do not constitute state action merely because they may have aligned with or supported the views of government officials.

The Complaint attempts to establish state action through vague and conclusory conspiracy allegations, asserting that Defendant Mallory "joined the conspiracy" with City Defendants and acted "with knowledge of the others' roles and with the intent[2] to further their shared objective." However, the Complaint's silence on several issues underscores its deficiencies. Plaintiffs fail to allege any facts showing an agreement, understanding, or coordination between Defendant Mallory and any City official. The Complaint does not allege a single communication, meeting, or exchange between Defendant Mallory and any City Defendant on any of these issues, despite the admission that Plaintiffs already have extensive e-mails on the issue in their possession that, "show officers and city officials disseminated inflammatory, false, and disparaging information about Plaintiffs to

_____

[2] The Complaint grasps at straws to even create a foundation for the city's intent by referencing decades-old "sundown laws" and attempting to imbue those with constitutional significance as-applied to these defendants today.

Page 7 - **DEFENDANT RYAN MALLORY'S RULE 12 MOTION TO DISMISS**

**FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

other providers, state officials, and community leaders." *ECF No. 32, ¶ 97*. The Complaint also does not allege that any City official requested, directed, encouraged, or approved Defendant Mallory's social media posts. Finally, Complaint does not allege that Defendant Mallory received any information, assistance, or support from City officials in making his posts.

Plaintiffs' conclusory assertion that Defendant Mallory "reached a tacit understanding" with City officials lacks any factual basis and is insufficient to establish state action. The Complaint alleges only that Defendant Mallory's posts occurred during the same general period as the City's alleged campaign against Plaintiffs and expressed similar criticisms of Plaintiffs' work. Unsurprisingly, this conduct occurred while Plaintiffs were deriding city officials and getting well over one million dollars to disseminate drug needles, all while lacking any medical credentials. Temporal proximity and similarity of viewpoint in opposition to Plaintiffs' work does not establish a conspiracy nor does it convert private speech into state action.

Plaintiffs continue to try to weave a constitutionally significant connection between Defendant Mallory and the City of Medford by alleging that Defendant Mallory had a familial relationship with one law enforcement officer and that he featured Medford Police Department personnel on his podcast. These allegations do not establish that Defendant Mallory acted under color of state law. Private citizens do not become state actors merely because they have family members in law enforcement, maintain friendly relationships with police officers, or provide a platform for law enforcement officials to speak. The previously stated standard requires much more.

The Complaint further alleges that Defendant Mallory was "aware" of the City's campaign to undermine Plaintiffs' grant funding. However, awareness of another party's actions – particularly the local government's - does not establish conspiracy. Private citizens are entitled to form their own

Page 8 -   **DEFENDANT RYAN MALLORY'S RULE 12 MOTION TO DISMISS**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

opinions about public issues, express those opinions publicly,[3] and take lawful actions to advocate for their views, even if their views align with those of government officials and even if they are aware that government officials share their views.

Because the Complaint fails to adequately allege that Defendant Mallory acted under color of state law, the conspiracy claim must be dismissed.

## II. Plaintiffs Facially Failed to Establish Class-Based Invidious Animus

The Ninth Circuit stated that 42 U.S.C. § 1985 applies to conspiracies motivated by a class-based, invidiously discriminatory animus, and extended its application beyond race only when the class in question has been determined by the government to require special federal assistance in protecting its civil rights. *Schultz v. Sundberg*, 759 F.2d 714 (9th Cir. 1985). Accordingly, the Complaint must, at minimum, allege that the conspiracy was directed at a protected class and was motivated by discriminatory intent toward that class.

The Complaint attempts to establish a protected class consisting of "disabled people with SUD and SMI, including homeless people with SUD and SMI"[4] and alleges that Plaintiffs were targeted as "advocates, supporters, and service providers" for this class. No class certification is requested in this case. Instead, the Complaint devotes extensive discussion to federal and state laws protecting people with disabilities and providing services to homeless individuals, including the ADA, despite the non-existence of such a claim on Plaintiffs' client's behalf. In a footnote, the Complaint argues that the "disabled are a protected class", but Complaint never states that any Plaintiff is disabled. *ECF No. 32, ¶ 182 n 30.*

---

[3] Assuming the Facebook posts were even available to the general public, which is an allegation Plaintiffs stopped short of making.

[4] Substance Use Disorder and Serious Mental Illness, respectively. *ECF No. 32, ¶ 178.*

Page 9 -   **DEFENDANT RYAN MALLORY'S RULE 12 MOTION TO DISMISS**

**FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

Even if such protections existed and even if Plaintiffs fell within the protected class, the Complaint fails to adequately allege that any actions by Defendant Mallory were motivated by animus toward people with substance use disorder, serious mental illness, or homelessness. The Complaint alleges that Defendant Mallory criticized Plaintiffs' organization, questioned their qualifications to operate a peer respite center, and opposed their receipt of state grant funding. These allegations do not establish animus toward disabled or homeless individuals. Opposition to a particular organization's receipt of government funding, criticism of that organization's approach or qualifications, and disagreement with that organization's policies do not constitute class-based discriminatory animus. The drafters of the Constitution never envisioned having every political opponent coming to court to defend themselves through discovery and summary judgment for the mere fact that they expressed a sincerely held political belief. The First Amendment had a contrary effect.

The Complaint alleges that Defendant Mallory stated that Plaintiffs "protest the police" and "protest authority" and that he criticized their harm reduction approach.[5] These allegations suggest that Defendant Mallory's criticism was based on disagreement with Plaintiffs' political views, advocacy methods, and organizational policies, not on animus toward disabled or homeless individuals as a class. More to the point, Mallory's assertions about their protests seem accurate based on Plaintiffs' admissions on how they conduct business. *See ECF No. 32, ¶ 3* ("Plaintiffs […]

---

[5] The irony is palpable when Plaintiffs attempt to re-frame their disruptions during public meetings as protected speech – "Plaintiffs also regularly engaged in non-violent political pranksterism and performative protest. For example, Plaintiffs attended a Medford City Council meeting with toy pigs that 'oinked' when squeezed. Plaintiffs would 'oink' the pigs when Medford Police spoke during the meeting." *ECF No. 32, ¶ 65.*

Page 10 - **DEFENDANT RYAN MALLORY'S RULE 12 MOTION TO DISMISS**

**FROHNMAYER, DEATHERAGE, JAMIESON,**
**MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

vocally oppose the City's policy agendas, and, […] expose the ways in which the city and its police engage in what Plaintiffs believe is unlawful or morally distasteful behavior against Stabbin' Wagon's clients. Stabbin' Wagon also has a policy of not cooperating with police").

Plaintiffs' attempt to characterize political opposition and policy disagreement as class-based discrimination is insufficient to state a claim under Section 1985(3). Private citizens are entitled to oppose government funding decisions, criticize nonprofit organizations, and advocate for different approaches to social problems without being subjected to federal conspiracy liability.

**III. The Alleged Protected Class Does Not Exist Under Section 1985**

Plaintiffs' theory that "advocates, supporters, and service providers" for people with disabilities constitute a protected class under Section 1985 is simply inaccurate. Section 1985(3) protects classes of persons who are themselves the targets of discrimination, not individuals who associate with or provide services to protected classes.

While the Complaint cites cases suggesting that supporters of protected classes may bring Section 1985(3) claims, it cites cases outside the Ninth Circuit. The Ninth Circuit has consistently held that the protections of 42 U.S.C. § 1985 extend beyond race-based classifications only when the class in question has been designated as a suspect or quasi-suspect classification by the courts or when Congress has indicated through legislation that the class requires special protection. This standard has been articulated in cases such as, *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992), and *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).

The assertion that "The disabled are included within the 'class' protected by § 1985(3)" is inconsistent with Ninth Circuit precedent. In this circuit, the court has required a showing that the class in question has been afforded special federal protection or designated as suspect or quasi-

Page 11 **- DEFENDANT RYAN MALLORY'S RULE 12 MOTION TO DISMISS**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

suspect, which has not been established for disabled individuals. For example, in *Vickerman v. Dep't of Housing & Urban Dev.*, the district court noted that disabled individuals do not constitute a suspect or quasi-suspect class and therefore do not fall within the protections of Section 1985. *Vickerman v. Dep't of Housing & Urban Dev. (Hud)*, 2006 U.S. Dist. LEXIS 102714, *8 (2006). Similarly, in *Serris v. Chastaine*, another court in our circuit explicitly stated that disabled individuals do not constitute a "class" within the meaning of Section 1985. *Serris v. Chastaine*, 2022 U.S. Dist. LEXIS 43261, *7 (2022).[6]

The cases cited in the string cite, such as *Taggart v. Moody's Investors Serv., 2007 U.S. Dist. LEXIS 52765 (2007). (S.D.N.Y.),* and *People by , New York by Abrams v. 11 Cornwell Co.*, 718 F.2d 22 (2d Cir.1983) reflect interpretations from other jurisdictions, such as the Second Circuit, which have been more expansive in applying § 1985(3) to nonracial classifications, including disability. However, these interpretations are not binding in the Ninth Circuit and conflict with its more restrictive approach.

Therefore, the quoted statement and the accompanying string cite are not accurate or applicable in the Ninth Circuit, including Oregon. The Ninth Circuit's precedent does not support the inclusion of disabled individuals as a protected class under Section 1985.

The Complaint's attempt to extend this principle to create a protected class of "advocates" for any group that receives government services or protections is overbroad and unsupported by the

---

[6] Citing, *D'Amato v. Wis. Gas Co.*, 760 F.2d 1474, 1486 (7th Cir. 1985) ("The legislative history of Section 1985(3) does not suggest a concern for the handicapped."); *Wilhelm v. Cont'l Title Co.*, 720 F.2d 1173, 1176-77 (10th Cir. 1983) ("We must conclude that a class of 'handicapped persons' ...was not included as a class in what is now § 1985(3)."); *see also Story v. Green*, 978 F.2d 60, 64 (2nd Cir. 1992) ("We note in passing that most authorities have not considered disability to be a suspect or quasi-suspect classification.").

Page 12 - **DEFENDANT RYAN MALLORY'S RULE 12 MOTION TO DISMISS**

statute's text and purpose. Again, even accepting the Complaint's theory that advocates for disabled and homeless individuals could constitute a protected class, the Complaint fails to allege that Defendant Mallory's actions were motivated by animus toward such advocates as a class. The Complaint alleges only that Defendant Mallory criticized one particular organization and its leaders. Frankly, the Complaint's rare citation to any quote from Defendant Mallory supports the opposite conclusion they want this court to reach. Specifically, the Complaint cites his statement where he *supports* the alleged class – "Ask for an audit of the stabbin wagon organization, <u>ask that The state give that money to a qualified recovery agency or the Jackson county health authority</u>. It's the only way 1.3 mil Will do our community any good." *ECF No. 32, ¶ 123* (emphasis added).

Simply put, criticism of a specific organization does not establish class-based animus toward all advocates for disabled or homeless individuals.

## IV. The First Amendment Protects Mallory's Speech

As a limited public figure, Plaintiffs were subject to greater scrutiny than private citizens, and Defendant Mallory was privileged to speak out on significant public issues involving them.

The Complaint frames Plaintiffs as community organizers and activists who regularly engage in expressive conduct, including publishing educational content, recording law enforcement interactions, organizing demonstrations, and advocating systemic reform at public hearings. They were admittedly vocal critics of Medford Police Department practices, spoke at public meetings, organized protests, and published political speech and commentary. The Complaint admits that their activities have drawn significant public and media attention, including national coverage in outlets such as The New Yorker and the Joe Rogan Podcast. Plaintiffs also allege that their work and advocacy made them well-known locally. They were involved in significant public controversies

Page 13 **- DEFENDANT RYAN MALLORY'S RULE 12 MOTION TO DISMISS**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

regarding homelessness, drug decriminalization, and policing. Plaintiffs allege that their expressive activities, including their criticism of city policies and law enforcement, have led to targeted retaliation and public debate. It is evident that Plaintiffs voluntarily injected themselves into public controversies (such as homelessness policy, drug decriminalization, and police practices) and have sought to influence public opinion and policy through their advocacy, public statements, and media engagement. They simply do not appreciate opposition.

These are factors courts often consider when determining whether an individual or organization is a limited purpose public figure for defamation or related claims. Whether a plaintiff is a public figure is a question of law for the court. *Manzari v. Associated Newspapers Ltd*., 830 F.3d 881, 888 (9th Cir. 2016). Even a person who is not a public official or public figure for "all purposes" may become a public figure by "thrusting themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved." *Makaeff v. Trump Univ. LLC*, 715 F.3d 254, 265 (9th Cir. 2013) (internal quotation marks omitted). "Public figures" also includes those who are "drawn into a particular public controversy and thereby becomes a public figure for a limited range of issues." *See Gertz v. Robert Welch*, 418 U.S. 323, 351 (1974). "In either case such persons assume special prominence in the resolution of public questions." *Id*. A public controversy is a controversy that "affects the general public or some segment of it." *Makaeff*, 715 F.3d at 267. By assuming prominence as to the resolution of a public controversy, a person "invite[s] attention and comment." *Id*.

Another factor is whether plaintiffs had "access to the channels of effective communication" and "opportunity to counteracts false statements." *Gertz*, 418 U.S. at 344. In *Gertz*, the Supreme Court explained that private plaintiffs should ordinarily benefit from stronger protections than public

Page 14 - **DEFENDANT RYAN MALLORY'S RULE 12 MOTION TO DISMISS**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

figures because "the first remedy of any victim of defamation is self-help – using available opportunities to contradict the lie or correct the error and thereby to minimize its adverse impact on [their] reputation." *Id*. Here, it cannot be disputed that Plaintiffs availed themselves of the microphone at every juncture and, as made clear here, even overextend civil pleading rules to continue their political activism through public filings.

It is elemental that speech addressing matters of political or social concern to the community occupies the "heart" of First Amendment protection, and the controversial character of the statement does not remove that protection. *MacRae v. Mattos*, ___U.S.___, 145 S.Ct. 2617, 2619 (2025). This is especially salient where the underlying dispute concerns government policy and public programs.

Furthermore, as to allegations concerning jail admission records, the Supreme Court has held that the First and Fourteenth Amendments preclude civil liability where a publisher truthfully publishes information contained in official court records open to public inspection. *Time, Inc. v. Firestone*, 424 U.S. 448, 455 (1976). Once true information is disclosed in public court documents open to public inspection, "the press cannot be sanctioned for publishing it." *Fla. Star v. B. J. F.*, 491 U.S. 524, 544 (1989).[7]

Taken together, the First Amendment allows and encourages public discourse on matters of public concern. These Plaintiffs have squarely placed Defendant Mallory's conduct at the epicenter of the First Amendment's protections. The Complaint's theory would convert any private citizen

---

[7] For the remaining commentary, the First Amendment also protects statements that cannot "reasonably [be] interpreted as stating actual facts" about an individual. *Knievel v. ESPN*, 393 F.3d 1068, 1074 (9th Cir. 2005). This protection reflects recognition that exaggeration and non-literal commentary are common in public discourse, and courts may resolve whether speech is actionable as a matter of law at the motion-to-dismiss stage when the statements are non-actionable opinion. *Id.*

Page 15 - **DEFENDANT RYAN MALLORY'S RULE 12 MOTION TO DISMISS**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

who publicly criticizes a nonprofit organization or opposes government funding decisions into a potential federal civil rights conspirator if government officials happen to share similar views. This cannot be the law. Private citizens retain their First Amendment rights to speak on matters of public concern, criticize organizations, and advocate for their policy preferences, even when their views align with those of government officials. Speech on those matters is core First Amendment activity. *MacRae*, 145 S. Ct. at 2619.

### V. Plaintiffs Failed to Adequately Allege that Mallory Caused them Constitutional Harm

Plaintiffs must plead that Mallory's acts proximately caused the specific injuries claimed (grant delays, loss of employment, organizational harm). Instead, the Complaint relies on attenuated chains of events, speculation about "increased hostility," injects third-party conduct, and lacks any causal link between Mallory's posts and the delay of the OHA grant, any employment resignations, any official action by the City of Medford, and/or any reputational or economic harm directly traceable to Mallory rather than public controversy or City action to which Plaintiffs were knowing participants. *See ECF No. 32, ¶ 20* (describing "activism, recording of police activity, and policy advocacy"). Without a coherent tie between Mallory's conduct and the alleged damages, the claim cannot lie.

### VI. Even if Mallory is Considered a State Actor, Qualified Immunity Exists

To affirm that dismissal is the correct result, even if Mallory's conduct is construed as government action, there is absolutely no clearly established law reasonably advising Mallory that his conduct may be unlawful. In *Ziglar v. Abbasi*, 582 U.S. 120 (2017), the Supreme Court addressed a claim under 42 U.S.C. § 1985 and noted that qualified immunity protects officials unless their actions violate clearly established law, which is determined by examining whether the specific

Page 16 - **DEFENDANT RYAN MALLORY'S RULE 12 MOTION TO DISMISS**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

conduct at issue was unlawful in light of existing precedent. *Id.* at 150-51.

Mallory posted his thoughts online and he allowed others to do the same on matters of public interest. There is simply no other case Plaintiff can locate where a private individual is found liable for a civil conspiracy because he manages a Facebook platform that had some members who expressed negative perceptions regarding Plaintiffs' receipt of substantial government funds.

Qualified immunity is a defense available to government officials sued for damages based on acts taken in the performance of discretionary governmental functions. Mallory is alleged to be a private individual who operates a private business and administers a private social-media platform, rather than functioning as a government employee or officer. However, the Complaint somehow concludes that Mallory is a subject to liability as part of the government.

Qualified immunity is meant to "strike a balance between the competing 'need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably.'" *Mattos v. Agarano*, 661 F.3d 433, 440 (9th Cir. 2011) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). Because of this balancing, qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson*, 555 U.S. at 231 (quotation marks and citation omitted). Qualified immunity "applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Id*.

"Determining whether officials are owed qualified immunity involves two inquiries: (1) whether, taken in the light most favorable to the party asserting the injury, the facts alleged show

Page 17 **- DEFENDANT RYAN MALLORY'S RULE 12 MOTION TO DISMISS**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

the official's conduct violated a constitutional right; and (2) if so, whether the right was clearly established in light of the specific context of the case." *Robinson v. York*, 566 F.3d 817, 821 (9th Cir. 2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Once a defendant pleads qualified immunity, the burden is on the plaintiff to prove these elements. *Isayeva v. Sacramento Sheriff's Dep't,* 872 F.3d 938, 946 (9th Cir. 2017). Courts have discretion as to which element to address first. *See Sjurset v. Button*, 810 F.3d 609, 615 (9th Cir. 2015) ("If indeed the…officers did not violate clearly established law, then we can determine that qualified immunity is appropriate and may thus dispose of the case without undertaking an analysis of whether a constitutional violation occurred in the first instance").

The Supreme Court has emphasized that the asserted right "must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (brackets and internal quotation marks omitted). To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent. The rule must be "settled law," which means it is dictated by "controlling authority" or "a robust 'consensus of cases of persuasive authority[.]'" It is not enough that the rule is suggested by then-existing precedent. The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply. Otherwise, the rule is not one that "every reasonable official" would know. *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018) (citations omitted).

In other words, qualified immunity does not require "a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd,* 563 U.S. 731, 741 (2011). The specificity of the clearly established law is "especially

Page 18 - **DEFENDANT RYAN MALLORY'S RULE 12 MOTION TO DISMISS**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

important in the Fourth Amendment context, where the Court has recognized that it is sometimes difficult for an officer to determine how the relevant legal doctrine…will apply to the factual situation the officer confronts." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (internal citation, quotation, and alterations omitted).

For reasons extensively briefed above, there is no Constitutional injury. Plaintiffs are not a protected class, there is no conspiracy, and Mallory did not cause them harm. For that reason alone, he should be immune.

On the second issue, counsel is unaware of any case that stands on similar grounds as this one where Defendant Mallory would be advised that his conduct was unlawful under the Constitution. For reasons extensively briefed above, there is no reason he would be aware he would be pursued as a state actor, let alone that his political speech regarding an organization that receives millions of dollars of public funds while being openly critical of the government would subject him to constitutional attack.

At this stage, the Court evaluates whether Plaintiffs' own pleading and cited authorities show a violation of a clearly established right. There is quite simply no precedent concerning (i) "doxing" by a private party when they share previously issued jail admission records being treated as a state actor, (ii) urging members of the public to contact a state agency to oppose grant funding, or (iii) amplifying government talking points on social media as an "adverse action" for First Amendment retaliation. Given that qualified immunity is lost only when unlawfulness is apparent in light of pre-existing law, the absence of particularized precedent analogous to facts alleged against Mallory supports dismissal of any theory against him, even if state action were assumed. Therefore, even if Plaintiffs can plead a constitutional violation in the abstract, they have not met the "clearly

Page 19 -  **DEFENDANT RYAN MALLORY'S RULE 12 MOTION TO DISMISS**

**FROHNMAYER, DEATHERAGE, JAMIESON,**
**MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

established" requirement necessary to impose damages liability.

## CONCLUSION

For the foregoing reasons, Defendant Mallory requests dismissal with prejudice and an award

of costs and fees in his favor. 42 U.S.C. ¶ 1988.

DATED this 9th day of March 2026.

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.,

By: _____
    **Casey S. Murdock, OSB #144914**
    Murdock@fdfirm.com
    Of Attorneys for Defendant Ryan Mallory

Page 20 - **DEFENDANT RYAN MALLORY'S RULE 12 MOTION TO DISMISS**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.,
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I served the foregoing **DEFENDANT RYAN MALLORY'S RULE 12 MOTION TO DISMISS via** email upon:

Alicia Leduc Montgomery
Leduc Montgomery LLC
2210 W Main Street, Suite 107, #328
Battle Ground, WA 98604
  Email:  alicia@leducmontgomery.com
*Of Attorneys for Plaintiff*

Marianne G. Dugan
Civil Liberties Defense Center
1711 Willamette St. Suite 301, #359
Eugene, OR 97401
  Email: mdugan@cldc.org
*Of Attorneys for Plaintiff*

Stephanie C. Kucera
Hart Wagner LLP
15 SW Colorado Ave, Suite 375
Bend, OR 97702
  Email: sck@hartwagner.com
*Of Attorneys for Defendant City of Medford
and Individual City Defendants*

DATED this 9th day of March 2026.

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.,

By: _____
    **Casey S. Murdock, OSB #144914**
    Murdock@fdfirm.com
    Of Attorneys for Defendant Ryan Mallory

Page 21 **- DEFENDANT RYAN MALLORY'S RULE 12 MOTION TO DISMISS**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.,
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333