**Casey S. Murdock, OSB #144914**
Murdock@fdfirm.com
FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, PC
2592 East Barnett Road
Medford, OR  97504
Phone: (541) 772-2333
Fax:     (541) 779-6379
Of Attorneys for Defendant Ryan Mallory

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

|  |  |
|---|---|
| STABBIN WAGON, an Oregon public benefit corporation; MELISSA JONES, an individual; and SAMANTHA STRONG, an individual, | Case No.  1:25-cv-1632-MTK |
| Plaintiffs, | **DEFENDANT RYAN MALLORY'S REPLY IN SUPPORT OF HIS RULE 12 MOTION TO DISMISS** |
| v. | **Fed. R. Civ. P. 12(b)(6)** |
| CITY OF MEDFORD, a municipal corporation; BRIAN SJOTHUN, an individual; RANDY SPARACINO, an individual; JUSTIN IVENS, an individual; DARRELL GRAHAM, an individual; GEOFF KIRKPATRICK, an individual; TREVOR ARNOLD, an individual; ARTURO VEGA, an individual; RYAN MALLORY, an individual; and JOHN and JANE DOES 1-9, individual employees or agents of the City of Medford, | **Oral Argument Requested** |
| Defendants. |  |

Page 1 -  **DEFENDANT RYAN MALLORY'S REPLY IN SUPPORT OF HIS RULE 12 MOTION TO DISMISS**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

**REPLY**

Plaintiffs' Response attempts to convert constitutionally protected commentary and civic advocacy by a private citizen into a federal civil-rights conspiracy claim. The implications are vast, converting every news outlet, blogger, podcaster, and protestor into a conspiratorial actor simply due to alignment with some government faction on matters of public importance.

Although lengthy, Plaintiffs' brief does not cure the fundamental defects in Plaintiffs' Second Amended Complaint (*ECF No. 32*). The SAC still fails to plausibly allege that Defendant Ryan Mallory entered into any agreement with City officials, acted with the class-based, invidiously discriminatory animus required by 42 U.S.C. § 1985(3), or caused a cognizable deprivation of rights.

Rather than identifying facts demonstrating a "meeting of the minds," Plaintiffs rely on speculation, guilt by association, and disagreement with Mallory's speech criticizing Plaintiffs' activities and public funding. Rule 12(b)(6) requires more. As both the Supreme Court and the Ninth Circuit have made clear, civil rights conspiracy claims must be grounded in specific factual allegations, not inference, rhetoric, or ideology. Because Plaintiffs have not alleged facts permitting a reasonable inference of unlawful agreement, discriminatory purpose, or causal connection to constitutional injury, Mallory's Motion to Dismiss should be granted with prejudice.

## I. PLAINTIFFS FAILED TO PLEAD A PLAUSIBLE CONSPIRACY UNDER § 1985(3)

Plaintiffs contend that Mallory's own commentary, together with content posted by third parties on his forum of more than 100,000 members, demonstrates that he knowingly conspired with the City to unlawfully disparage and target Plaintiffs on the basis of their provision of services

Page 2 - **DEFENDANT RYAN MALLORY'S REPLY IN SUPPORT OF HIS RULE 12 MOTION TO DISMISS**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

to individuals with Substance Use Disorder and/or Serious Mental Illness and their receipt of substantial grant funding related to those services. In doing so, Plaintiffs attempt to bridge multiple unsupported logical gaps and fail to satisfy their pleading obligations.

### A.  Conspiracy Requires an Agreement or "Meeting of the Minds"

To establish liability for a conspiracy, plaintiffs must plausibly allege an agreement or "meeting of the minds" to violate constitutional rights and that defendants, through concerted action, intended to accomplish an unlawful objective resulting in injury. *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971); *Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1301–02 (9th Cir. 1999).

Although an agreement need not be express and may be inferred from circumstantial evidence, the inference must be grounded in defendants' actions showing concerted conduct toward a shared unlawful objective, not merely parallel behavior or shared viewpoints. *Mendocino*, 192 F.3d at 1301; *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010).

### B.  Plaintiffs Plead Parallel Advocacy and Timing Rather Than Agreement

Plaintiffs' conspiracy theory rests on the allegation that Mallory expressed opinions critical of Plaintiffs at roughly the same time City officials allegedly opposed Plaintiffs' grant and activities. It comes as no surprise that focus would temporally occur when the grant process occurred.  But "[p]arallel conduct and a bare assertion of agreement" do not state a conspiracy. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). In *Twombly*, the Court elaborated,

> Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality. Hence, when allegations of parallel conduct are set out in order to make a §1 claim, they must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be

Page 3 -  **DEFENDANT RYAN MALLORY'S REPLY IN SUPPORT OF HIS RULE 12 MOTION TO DISMISS**

**FROHNMAYER, DEATHERAGE, JAMIESON,**
**MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

independent action.

*Id.*

The SAC does not allege any communication between Mallory and any City Defendant reflecting a shared unlawful objective. It never identifies any request, direction, or encouragement by City officials that Mallory act on their behalf. Nor does it allege any coordination, planning meeting, or exchange tying Mallory's speech to City action.

Temporal overlap and similarity of rhetoric, even when sharp, accusatory, or controversial, do not plausibly establish a meeting of the minds. Where alleged conduct is "equally consistent with independent, lawful action," conspiracy is not plausibly pleaded. *Twombly*, 550 U.S. at 557; *Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig. v. Samsung Elecs. Co.*, 28 F.4th 42, 51–52 (9th Cir. 2022).

### C.  "Amplification" and Alignment Are Not Concerted Action

Plaintiffs' repeated assertion that Mallory "amplified" City criticism or "timed" posts to correlate with City actions merely restates parallel advocacy. Allegations that could "just as well be" lawful independent conduct do not plausibly suggest agreement. *DRAM*, 28 F.4th at 52; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Notably, Plaintiffs concede that they already possess extensive e-mails involving City officials, yet they do not plead the existence of a single communication involving Mallory that would support the existence of any conspiracy. *See, ECF No. 32*, ¶ 85, ¶ 97, ¶ 121, ¶ 158 (alleging e-mails); *Id.*, ¶ 83, ¶ 85, ¶ 95, ¶ 133, ¶ 152 (alleging public records gathered). That omission underscores Mallory's position that Plaintiffs' theory rests on inference piled upon inference, as opposed to factual allegations of concerted conduct. Plaintiffs have considerable evidence in their

Page 4 -   **DEFENDANT RYAN MALLORY'S REPLY IN SUPPORT OF HIS RULE 12 MOTION TO DISMISS**

possession to tip the scales from conceivable to plausible and cited to nothing.

### D. *Mendocino* Does Not Salvage Plaintiffs' Theory

Plaintiffs rely heavily on *Mendocino Environmental Center*, but that case involved state actors abusing official authority with fabricated evidence, false warrant materials, and coordinated law-enforcement action. *Mendocino*, 192 F.3d at 1301-03. In that case, as relevant here, the plaintiffs sued the Oakland Police Department alleging OPD falsely stated plaintiffs were responsible for bombing their own car while they occupied it. Plaintiffs were affiliated with an outspoken environmental advocacy group, and the criminal investigation results were published on the news. The DA declined to press charges.

The Ninth Circuit identified five discreet facts that gave rise to an inference of animus and conspiracy between OPD and the FBI, including that OPD viewed the evidence on its own, it should not have relied on FBI misinformation, it had its own department focused on investigating plaintiffs' platform, and it had shown close cooperation during the investigation and prior to the subject investigation regarding plaintiffs' platform. Those allegations are easily distinguishable.

In this case, Mallory exercised no governmental authority, authored no official documents, and controlled no state processes. There is no factual allegation he was coordinating with the City, participated in investigating Plaintiffs along with the City, or did anything other than post regarding his perceptions and publicly available records. Extending *Mendocino* to independent political speech by a private actor would contradict both Ninth Circuit conspiracy doctrine and Rule 12 pleading standards.

### E. Conclusion

While establishing intent to join in a conspiracy may be a tough job, it does not mean

Page 5 -  **DEFENDANT RYAN MALLORY'S REPLY IN SUPPORT OF HIS RULE 12 MOTION TO DISMISS**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

plaintiffs get a free pass. Here, Plaintiffs appear to believe that no one could reasonably disagree with their business model unless that person is in the government's pocket. The result of their argument would place every news platform within the realm of a conspiracy claim because they present what one side of the aisle may view as slanted or biased reporting – whether it be CNN, Fox News, MSNBC, or the Rogue Valley Times. Bloggers and podcasters would be silenced. Activists would be chilled. Vigorous debate is at the heart of our country's Constitution, particularly on government theory, spending, and protectionism. These are central to our democracy and Plaintiffs' indignation does not rise to the level of an actionable conspiracy claim.

## II. PLAINTIFFS FAIL TO ALLEGE CLASS-BASED, INVIDIOUSLY DISCRIMINATORY ANIMUS

Plaintiffs wholly fail to identify how or why Mallory is discriminating against the alleged protected class Plaintiffs represent.[1] This case is clearly not about any protected class and is solely meant to quell opposition.

Any allegation or evidence related to Plaintiffs' political speech and beliefs are irrelevant and fail to state a claim.[2] The case against Mallory is solely focused on Plaintiffs' allegation that Mallory and the City agreed to engage in unlawful conduct directed toward Plaintiffs because of some protected class. Yet, the only evidence here is that Mallory and Plaintiffs are diametrically opposed on a purely political issue as to whether Plaintiffs' work is effective and should be

---

[1] However, the pleadings do serve to show that there is no basis for Mallory to "retaliate" because there is no action Plaintiffs undertook against Mallory, including speech regarding him. Any alleged "retaliation" is illogical and factually baseless.

[2] Plaintiffs vaguely reference key phrases such as "advocacy" and "support" which are irrelevant to the present claim based on SUD/SMI/disability. As discussed below, that is a different part of § 1985 that has its own test and relates to advocacy for or support related to elections. *See* 42 U.S.C. § 1985(3); *Kush v. Rutledge*, 460 U.S. 719, 720-26 (1983) (explaining distinction).

Page 6 - **DEFENDANT RYAN MALLORY'S REPLY IN SUPPORT OF HIS RULE 12 MOTION TO DISMISS**

**FROHNMAYER, DEATHERAGE, JAMIESON,**
**MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

supported with government funding. It has nothing to do with Mallory's animus toward people experiencing SUD, SMI, or *any* protected class.

### A. The Ninth Circuit Has Repeatedly Declined to Recognize Disability-Based Classifications

District courts within the Circuit have consistently rejected § 1985(3) claims premised on disability-based classifications, including substance use disorder, serious mental illness, homelessness, or addiction, as cognizable classes under 42 U.S.C. § 1985(3) absent a congressional designation that such a class warrants special federal assistance in protecting its civil rights. Section 1985(3) extends beyond race only where the class is suspect or quasi-suspect, or where Congress has clearly designated the class as requiring special federal protection. *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). Disability is not a suspect or quasi-suspect class. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 442–47 (1985).[3] In that case, the U.S. Supreme Court noted the difficulty in expanding protections to such a "large and amorphous class",

> it would be difficult to find a principled way to distinguish a variety of other groups who have perhaps immutable disabilities setting them off from others, who cannot themselves mandate the desired legislative responses, and who can claim some degree of prejudice from at least part of the public at large. One need mention in this respect only the aging, the disabled, the mentally ill, and the infirm.

*Id.* at 445-446.

District courts in this Circuit have consistently rejected attempts to extend § 1985(3) to disability-based classes. Plaintiffs' reliance on out-of-circuit authority cannot overcome binding Ninth Circuit precedent and their assertion that it is an open question is belied by Ninth Circuit

---

[3] Which issued after § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. *City of Cleburne v. Cleburne Living Ctr.*, 473 US 432, 443 (1985)

Page 7 -  **DEFENDANT RYAN MALLORY'S REPLY IN SUPPORT OF HIS RULE 12 MOTION TO DISMISS**

cases expressly rejecting the argument.

Plaintiffs argue that because the ADA recognizes SUD and/or SMI, they should be protected categories for purposes of § 1985. If we are advocating for a change in the law (which indisputably Plaintiffs are doing), the policy should not support them. The ADA is incredibly broad, reaching even those who cannot sleep well. For instance, in *Head v. Glacier Nw., Inc.*, 413 F.3d 1053 (9th Cir. 2005), the court held that sleeping impairment may constitute a substantial limitation on a major life activity if the plaintiff can demonstrate great difficulty sleeping. Specifically, the plaintiff in *Head* presented evidence of sleeping only five or six hours a night with medication, sometimes not sleeping at all, and experiencing drowsiness throughout the day due to lack of sleep and medication. This evidence was deemed sufficient to raise a genuine issue of material fact as to whether the plaintiff was disabled under the ADA.

The slope is slippery where the Constitution and 42 U.S.C § 1985 are suddenly read to incorporate all protections already afforded by the Americans with Disabilities Act. Under Plaintiffs' theory, claims will reach discovery and possibly trial simply because a news outlet criticized a government benefit recipient who incidentally has sleep apnea, thereby stating a claim for conspiracy under 42 U.S.C. § 1985. If these Plaintiffs have a claim under the ADA, they should pursue it. Presently, the Ninth Circuit does not authorize a conspiracy claim based on disability. Their invitation to expand Ninth Circuit law should be rejected and the claim against Mallory should be dismissed.

### B.  Plaintiffs Mislabel Political Disagreement as Animus

Even assuming arguendo that such a class is cognizable in this context, Plaintiffs fail to allege that Mallory acted because of animus toward disabled persons. Conclusory labels aside, the

Page 8 -  **DEFENDANT RYAN MALLORY'S REPLY IN SUPPORT OF HIS RULE 12 MOTION TO DISMISS**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

SAC alleges only criticism of Plaintiffs' qualifications, Plaintiffs' methods (harm reduction versus alternative approaches), and Plaintiffs' receipt and use of public funds. A claim for conspiracy to violate a constitutional right requires evidence that the defendants acted with the intent of depriving the plaintiff of a constitutional right. *Mendocino Env't Ctr.*, 192 F.3d at 1301. The pleading never meets that threshold.[4]

Policy disagreement, even when unpopular or stated harshly, is not discrimination. *United Bhd. of Carpenters v. Scott*, 463 U.S. 825, 838 (1983); *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269–70 (1993). Nor does Mallory's opposition to Plaintiffs' work serve as any evidence of discrimination toward people experiencing SUD or SMI. To the contrary, the Complaint admits that Mallory is advocating for placing those individuals with what he believes are proper services. *ECF No. 32*, ¶ 123 ("Ask for an audit of the stabbin wagon organization, ask that the State give that money to a qualified recovery agency or the Jackson county health authority. It's the only way 1.3 mil Will do our community any good.") With substantial government funds going to what Mallory believes to be inappropriate means of addressing the underlying issues, he is authorized by our Constitution to speak out on the issue and to garner support for his position. That is political speech that cannot form the basis for the claim.

### C. Plaintiffs Do Not Plead Class Membership as Required

Ninth Circuit authority further emphasizes that, for § 1985(3), the plaintiff must be a

---

[4] It is notable that many of Plaintiffs' concerns and complaints relate to matters already litigated and resolved in the City's' favor. For instance, they argue that the City failed to support harm reduction and intimidated supporters of homelessness rights, *ECF No. 41 p. 21,* however this court already found that Medford's efforts reflected "a commitment to assisting their unhoused neighbors" and that "the number of resolutions recently adopted by the City shows a commitment to the issue by not only the City, but members of the community who have offered their input." *Bilodeau v. City of Medford,* 2024 U.S. Dist. LEXIS 63335, at *24-25 (D. Or. 2024).

Page 9 -   **DEFENDANT RYAN MALLORY'S REPLY IN SUPPORT OF HIS RULE 12 MOTION TO DISMISS**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

member of the class allegedly discriminated against. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002). In *RK Ventures,* the court addressed the appellants' standing under § 1985(3), which requires a showing of a deprivation of rights motivated by racial or class-based discriminatory animus. The court noted that to satisfy standing under § 1985(3), the plaintiff must either be a member of the discriminated class or demonstrate that they belong to a class warranting special federal protection. *Id*. The court remanded this issue to the district court for further development of the record, as it was unclear whether the appellants met these requirements. *Id.*

Plaintiffs' SAC does not allege that any Plaintiff is disabled; instead, Plaintiffs attempt to proceed as "advocates" or "supporters." That theory is not interchangeable with an equal protection claim. Because Plaintiffs are not part of a protected class, the claim should be dismissed.[5]

## III.    PLAINTIFFS IMPROPERLY TREAT PROTECTED SPEECH AS AN "OVERT ACT"

Plaintiffs argue that the issue is "not whether Mallory was free to disagree with Plaintiffs," while attempting to weaponize his disagreement to form the basis for these claims. *ECF No. 41,* p. 43. Courts recognize that First Amendment considerations may impose certain limitations in conspiracy cases. For example, when a conspiracy involves speech-related activities,

---

[5] Plaintiffs appear to believe that they can muddle § 1985 into one claim, whereas it is split into an equal protection portion and a "support or advocacy" clause. Clearly, representative capacity to sue exists for the support or advocacy clause, which is not a claim that is pled in this case. *See Kennedy v. Meta Platforms, Inc.,* No. 3:24-cv-02869-WHO, 2024 U.S. Dist. LEXIS 158024, at *27 (N.D. Cal. Sep. 3, 2024) ("The parties discuss the Support or Advocacy Clause without alluding to the complicated and somewhat disparate ways in which cases brought under this clause are treated by courts. Over the last 50 years or so, courts have often conflated the Support or Advocacy Clause with the immediately preceding statutory language of § 1985(3), the Equal Protection Clause. These clauses are distinct, protect different rights, and have separate requirements to establish violations.")

Page 10 - **DEFENDANT RYAN MALLORY'S REPLY IN SUPPORT OF HIS RULE 12 MOTION TO DISMISS**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

courts may require more specific proof of the conspiratorial agreement and scrutinize the evidence more carefully to ensure that protected speech is not improperly penalized. This principle was highlighted in *Yates v. United States*, 354 U.S. 298 (1957) where the Court distinguished between advocacy of abstract doctrine, which is protected, and advocacy of illegal action, which is not. Here, Mallory did not advocate for any illegal action.

### A.  Speech Is Not an Overt Act Absent an Unlawful Agreement

Section 1985(3) requires an overt act in furtherance of a conspiracy. *Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir. 1998). But where Plaintiffs fail to plausibly plead the underlying agreement and class-based purpose, labeling independent speech as an "overt act" cannot supply the missing elements. *See Twombly*, 550 U.S. at 556–57; *Mendocino*, 192 F.3d at 1301-02 (setting forth claim elements).

### B.  Mallory's Speech Is Core First Amendment Activity

Commentary on government funding, criticism of nonprofit operations, and advocacy urging public officials to reconsider policy lie at the heart of First Amendment protection. *Garrison v. Louisiana*, 379 U.S. 64, 74–75 (1964). Furthermore, as to the allegations that Mallory posted information "mirror[ing] law enforcement booking records," truthful publication of information drawn from public records is generally shielded by the First Amendment and does not give rise to civil liability. *Florida Star v. B.J.F.*, 491 U.S. 524, 541–44 (1989). Similarly, in *Cox Broadcasting Corp. v. Cohn*, the Court emphasized that the publication of truthful information obtained from public records is generally protected, even if it causes embarrassment or distress. *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469 (1975).  To that issue, Plaintiffs completely misrepresent their own allegations in their response brief in apparent acknowledgement of the

Page 11 - **DEFENDANT RYAN MALLORY'S REPLY IN SUPPORT OF HIS RULE 12 MOTION TO DISMISS**

**FROHNMAYER, DEATHERAGE, JAMIESON,**
**MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

pleading deficiency. They argued that, "Mallory published Plaintiffs' home addresses and dates of birth in 'Busted' graphics mimicking law enforcement booking disclosures, just one day after Plaintiffs' arrest and <u>using information not available through a public records request</u>. SAC ¶¶ 114-115." *ECF No. 41,* p. 16.[6] However, their Complaint actually states that, "These disclosures mirrored law enforcement booking records." *ECF No. 32,* ¶ 114. In other words, the court should disregard the inaccurate argument and issue its ruling on the face of the pleading, which states that Mallory's post mirrored publicly available information. This is a disclosure that "cannot give rise to civil liability." *Florida Star,* 491 U.S. at 541-44.

Furthermore, Plaintiff cannot veil state law claims behind § 1985. ORS 30.835 authorizes a civil action if a person disseminates person information without consent, with intent to harass, threaten or incite others, and the disclosure results in or reasonably risks stalking, harassment, or injury. Plaintiffs are attempting to bootstrap state law claims into their conspiracy claim to support the unlawfulness of Mallory's alleged conduct. *See e.g. ECF No. 41,* p. 45 (citing alleged defamation and intentional interference with economic relations). Those claims are subject to Anti-SLAPP Motions under ORS 31.150. *DeHart v. Tofte,* 326 Or. App. 720 (2023). There, the court emphasized the need to carefully distinguish between protected speech on public issues from disclosures intended to incite harassment or harm. The court expressly noted that, "the disclosure must be of the sort that would cause a 'reasonable' person severe emotional distress." *Id.* at 748. Here, Plaintiffs are trying to avoid Anti-SLAPP dismissal and attorney fee exposure by hiding their speech-based state law claims for defamation, doxxing, and intentional interference with

---

[6] Again, while it references "Plaintiffs'" arrest, Stabbin Wagon certainly was not arrested and cannot use this post as a basis for its claim.

Page 12 - **DEFENDANT RYAN MALLORY'S REPLY IN SUPPORT OF HIS RULE 12 MOTION TO DISMISS**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

economic relations by vaguely labeling their conspiracy claim as based on "unlawful conduct."

Permitting Plaintiffs to proceed would chill precisely the type of political discourse the First Amendment protects. Because there is no "overt act" other than Constitutionally protected speech, the conspiracy claim fails.

## IV.    OPERATING A MEDIA PLATFORM DOES NOT ESTABLISH STATE PARTICIPATION

Plaintiffs repeatedly label Mallory as "law-enforcement-adjacent," but labels are not facts. Operating a Facebook group, podcast, or consulting business[7] that discusses public safety does not transform a private citizen into a governmental actor or conspirator. To state a conspiracy claim based on the Equal Protection Clause, state action must be alleged. *United Bhd. Of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 833 (1993). This is largely academic discourse with a City defendant, but it is important to the analysis, clarifies an overstatement from the original motion, and resolves apparent confusion raised by Plaintiffs' Response.

The state action principle was persuasively evaluated in *Kennedy v. Meta Platforms, Inc.*, No. 3:24-cv-02869-WHO, 2024 U.S. Dist. LEXIS 158024 (N.D. Cal. Sep. 3, 2024). There, Robert F. Kennedy and others in his campaign sued Meta, Facebook, and Mark Zuckerberg for allegedly conspiring with the federal government to block or remove information on the Kennedy campaign from Meta platforms. The court evaluated § 1985's "Support or Advocacy Clause" at length, as distinct from the Equal Protection Clause at-issue in this case. State action is not required, unless

---

[7] Notably, public records show ThiefHunter Labs administratively dissolved in September 2022 after only two years in existence. ThiefHunter Labs, LLC page, Oregon Secretary of State Corporation Division, https://egov.sos.state.or.us/br/pkg_web_name_srch_inq.show_detl?p_be_rsn=2057919&p_srce=BR_INQ&p_print=FALSE; FRE 201.

Page 13 - **DEFENDANT RYAN MALLORY'S REPLY IN SUPPORT OF HIS RULE 12 MOTION TO DISMISS**

**FROHNMAYER, DEATHERAGE, JAMIESON,**
**MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

"the alleged conspiracy is aimed at a right that is by definition a right only against state interference." *Id.* at *31. The court cited *United Brotherhood*, where the Supreme Court held that plaintiffs cannot bring First Amendment claims within § 1985 against private actors, because the underlying First Amendment claim is only authorized by § 1983. "It makes sense that, where a plaintiff alleges a conspiracy to deprive her of a right guaranteed by the state, she must allege that the *state* - the only actor against whom the right applies - was involved in the conspiracy." The Equal Protection Clause of the Fourteenth Amendment explicitly requires state action, prohibiting states from denying any person within their jurisdiction the equal protection of the laws. As the Supreme Court stated,

> It is a commonplace that rights under the Equal Protection Clause itself arise only where there has been involvement of the State or of one acting under the color of its authority. The Equal Protection Clause "does not . . . add any thing to the rights which one citizen has under the Constitution against another." As Mr. JUSTICE DOUGLAS more recently put it, "The Fourteenth Amendment protects the individual against *state action*, not against wrongs done by *individuals*." This has been the view of the Court from the beginning. It remains the Court's view today.

*United Bhd. of Carpenters*, 463 U.S. at 831-32 (internal citations omitted).

Because Plaintiffs' claims arise under the Equal Protection Clause, which requires state action, their concession that Mallory is not a state actor further distances him from any viable claim. As the Supreme Court stated in *Griffin v. Breckenridge,* purely private conspiracies can only survive where their action is "so massive and effective" that can fairly be treated as state action. Otherwise, plaintiffs must establish that the private individual interfered with or influenced state authorities with conspiratorial intent. 403 U.S. 88, 98 (1971).

Furthermore, because Plaintiffs do not plausibly allege an agreement or joint participation with City officials, they likewise fail to plead the concerted action necessary to

Page 14 - **DEFENDANT RYAN MALLORY'S REPLY IN SUPPORT OF HIS RULE 12 MOTION TO DISMISS**

attribute Mallory's speech to the City. *Mendocino*, 192 F.3d at 1301; *RK Ventures, Inc.*, 307 F.3d at 1051. Even setting aside the foregoing language from *United Brotherhood,* the state action analysis is persuasive on whether joint action occurred, including the overt act requirement. *ECF No. 37*, p. 6 (noting nexus requires overt act and joint action). While § 1983 and § 1985 are independent statutes, courts have sometimes linked their application, such as in *Kennedy*, where an underlying substantive right must be violated for a viable § 1985 claim. As another example, in *O'Neal v. Albertson,* No. 2:17-cv-03025-JAD-DJA, 2020 U.S. Dist. LEXIS 166070, at *10 (D. Nev. Sep. 10, 2020), the court noted that absent a valid § 1983 claim, a party cannot allege claims under § 1985. Similarly, in *Nieves v. McSweeney,* 241 F.3d 46 (1st Cir. 2001), the court observed that § 1985 claims often mirror § 1983 claims, particularly when the underlying issues involve the deprivation of federally protected rights. There, the court effectively treated the conspiracy claim as a derivative claim dependent on an underlying civil rights violation. *Id.* at 50 ("Those counts can stand only if, and to the same extent that, counts 1 and 2 can stand.")

This suggests that while § 1985(3) does not textually require state action, the viability of a § 1985 claim may depend on the existence of a substantive violation of federal rights, which is often addressed under § 1983. Here, because an Equal Protection claim requires state action, Plaintiffs must also allege and factually establish state action. *ECF No. 32, ¶* 204 (alleging legal conclusion of joint action to deprive Plaintiffs from equal protection).

## V.    PLAINTIFFS FAIL TO PLEAD CAUSATION OR DEPRIVATION

Section 1985 requires a plausible causal nexus between a defendant's act and a deprivation of rights. Plaintiffs attempt to attribute third-party harassment, grant delays, and reputational harm to Mallory's speech, but they fail to allege that Mallory had any control over

Page 15 **- DEFENDANT RYAN MALLORY'S REPLY IN SUPPORT OF HIS RULE 12 MOTION TO DISMISS**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

third parties, any influence over OHA decision-making, or any prevention of Plaintiffs' own speech or advocacy.

Their speculation that Mallory's speech may have influenced public opinion does not state a constitutional deprivation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Frankly, even if there is some showing of an adverse effect on government funding (which does not exist) that still would not form the basis for a viable claim and would be wholly speculative. By injecting themselves into public issues, Plaintiffs have failed to plead any plausible tie to Mallory's conduct, as opposed to Plaintiffs' own controversial work.

## VI.    QUALIFIED IMMUNITY INDEPENDENTLY BARS THE CLAIM

Even assuming arguendo that Mallory could be treated as a state actor, Plaintiffs identify no clearly established law placing his alleged conduct beyond constitutional debate. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). Plaintiffs cite no controlling authority prohibiting a private citizen from criticizing public funding or publishing public-record information.

Plaintiffs primarily argue that qualified immunity simply does not apply to § 1985 claims. To be sure, qualified immunity is generally not available as a defense to claims brought under 42 U.S.C. § 1985 in the Ninth Circuit. This makes sense because the narrow elements of § 1985 already impose a significant hurdle for plaintiffs, thereby usually obviating the need for qualified immunity for public officials in such cases. *See De La O v. Arnold-Williams,* No. CV-04-0192-EFS, 2007 U.S. Dist. LEXIS 57, at *18 (E.D. Wash. Jan. 3, 2007) (citing 11th Circuit authority as persuasive).

However, there are nuances and exceptions to this general rule. For instance, in *Pipitone v. Barksdale,* No. 2:24-cv-04072-SSS-AJR, 2026 U.S. Dist. LEXIS 43685 (C.D. Cal. Jan. 5, 2026),

Page 16 - **DEFENDANT RYAN MALLORY'S REPLY IN SUPPORT OF HIS RULE 12 MOTION TO DISMISS**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

the court noted that the U.S. Supreme Court in *Ziglar v. Abbasi* recognized a lack of clarity regarding the application of the intracorporate conspiracy doctrine to § 1985 claims. This uncertainty led the Court to conclude that qualified immunity could apply in cases where the law was unsettled, as officials "would not have known with any certainty that the alleged agreements were forbidden by law." *Id.* at *17. Similarly, in *A.I.I.L. v. Sessions,* No. CV-19-00481-TUC-JCH, 2022 U.S. Dist. LEXIS 61581 (D. Ariz. Mar. 31, 2022), the court found that qualified immunity barred a § 1985(3) claim because it was unsettled whether the intracorporate conspiracy doctrine applied to such claims for federal officials across multiple agencies. *Id.* at *52-*53.

Therefore, while qualified immunity is generally not a defense against 1985 claims in the Ninth Circuit, exceptions may arise in cases involving unsettled legal doctrines. Courts will evaluate the availability of qualified immunity based on the clarity of the law at the time of the alleged conduct and the specific circumstances of the case. Plaintiffs' theory that qualified immunity simply cannot apply to § 1985 claims is incorrect.

In this case, Plaintiff is alleging that an individual defendant posting to online platforms involving over 100,000 people, cannot oppose the function of an organization receiving over $1 million in taxpayer funds, nor criticize its leaders, who are admittedly not alleged to be a part of any suspect class for purposes of the equal protection clause. This is precisely the sort of novel issue that supports extending qualified immunity. If ever there was a clear path to resolving this issue, it is here, because Plaintiffs' counsel expressly acknowledged that qualified immunity should apply in briefing before this court where it was admitted that:

> <u>Many of these issues are not settled in the Ninth Circuit</u>, particularly the scope of cognizable classes under § 1985(3), whether disability-based classes such as persons with substance use disorder and/or serious mental illness may qualify, and

Page 17 - **DEFENDANT RYAN MALLORY'S REPLY IN SUPPORT OF HIS RULE 12 MOTION TO DISMISS**

whether advocates or supporters of such a class may proceed under the statute. *Id*. at 9, 11, 23. Plaintiffs' response brief reflects that these questions require substantial treatment, including discussion of multiple alternative legal theories and authorities addressing <u>unsettled issues</u>.

*ECF No. 40,* p. 2 (underline added).

Because Plaintiffs admit that the law is unsettled on the claims they are asserting against him, Mallory should be entitled to qualified immunity.

## VII.   LEAVE TO AMEND WOULD BE FUTILE

Plaintiffs have already amended multiple times and still cannot plead agreement, animus, causation, or deprivation. Where deficiencies are legal rather than factual, dismissal with prejudice is appropriate. *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1087-88 (9th Cir. 2002).

## CONCLUSION

For the foregoing reasons, Defendant Mallory requests dismissal with prejudice and an award of costs and fees in his favor. 42 U.S.C. § 1988.

DATED this 13th day of April, 2026.

FROHNMAYER, DEATHERAGE, JAMIESON, MOORE, ARMOSINO & McGOVERN, P.C.,

By: _____
     **Casey S. Murdock, OSB #144914**
     Murdock@fdfirm.com
     Of Attorneys for Defendant Ryan Mallory

Page 18 - **DEFENDANT RYAN MALLORY'S REPLY IN SUPPORT OF HIS RULE 12 MOTION TO DISMISS**

**FROHNMAYER, DEATHERAGE, JAMIESON,**
**MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I served the foregoing **DEFENDANT RYAN MALLORY'S REPLY IN SUPPORT OF HIS RULE 12 MOTION TO DISMISS via** e-mail upon:

Alicia Leduc Montgomery
Leduc Montgomery LLC
2210 W Main Street, Suite 107, #328
Battle Ground, WA 98604
  E-mail:  alicia@leducmontgomery.com
*Of Attorneys for Plaintiff*

Marianne G. Dugan
Civil Liberties Defense Center
1711 Willamette St. Suite 301, #359
Eugene, OR 97401
  E-mail: mdugan@cldc.org
*Of Attorneys for Plaintiff*

Stephanie C. Kucera
Hart Wagner LLP
15 SW Colorado Ave, Suite 375
Bend, OR 97702
  E-mail: sck@hartwagner.com
*Of Attorneys for Defendant City of Medford
and Individual City Defendants*

DATED this 13th day of April, 2026.

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.,

By: _____
**Casey S. Murdock, OSB #144914**
Murdock@fdfirm.com
Of Attorneys for Defendant Ryan Mallory

Page 19 - **DEFENDANT RYAN MALLORY'S REPLY IN SUPPORT OF HIS RULE 12 MOTION TO DISMISS**

**FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333