**ALICIA LEDUC MONTGOMERY, OSB # 173963**
Email: alicia@leducmontgomery.com
**DAVID LEDUC MONTOGMERY, OSB #262952**
Email: david@leducmontgomery.com
**LEDUC MONTGOMERY LLC**
2210 W Main Street, Suite 107 #328
Battle Ground, Washington 98604
Telephone: 704.702.6934
www.leducmontgomery.com

**MARIANNE DUGAN, OSB # 932563**
Email: mdugan@cldc.org
**CIVIL LIBERTIES DEFENSE CENTER**
1711 Willamette Street Ste 301 No. 359
Eugene, Oregon 97402
Telephone: 541.687.9180
www.cldc.org

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| STABBIN WAGON, an Oregon public benefit corporation; MELISSA JONES, an individual; and SAMANTHA STRONG, an individual, | Case No. 1:25-cv-1632-MTK |
| Plaintiffs, | **PLAINTIFFS' NOTICE OF NEWLY DISCOVERED EVIDENCE RELEVANT TO DEFENDANT RYAN MALLORY'S MOTION TO DISMISS** |
| v. | |
| CITY OF MEDFORD, a municipal corporation; BRIAN SJOTHUN, an individual; RANDY SPARACINO, an individual; JUSTIN IVENS, an individual; DARRELL GRAHAM, an individual; GEOFF KIRKPATRICK, an individual; TREVOR ARNOLD, an individual; ARTURO VEGA, an individual; RYAN MALLORY, an individual; and JOHN and JANE DOES 1-9, individual employees or agents of the City of Medford, | |
| Defendants. | |

PAGE 1 – **PLAINTIFFS' NOTICE OF NEWLY DISCOVERED EVIDENCE RELEVANT TO DEFENDANT RYAN MALLORY'S MOTION TO DISMISS**

## INTRODUCTION

Plaintiffs respectfully submit this Notice to advise the Court of two law enforcement records Plaintiffs located on August 5, 2026, after the June 23, 2026 oral argument on Defendant Ryan Mallory's Rule 12 Motion to Dismiss. ECF 37. The records are attached as Exhibits B and C. They are directly relevant to Mallory's argument that the Second Amended Complaint does not plausibly connect him to the Medford Police Department ("MPD"), and to the Court's questions at oral argument concerning what facts support an inference of coordination between Mallory and MPD.

Plaintiffs recognize that a Rule 12(b)(6) motion ordinarily is decided from the allegations of the operative complaint. Plaintiffs submit these newly located records to answer the Court's questions at oral argument, to identify specific additional facts bearing on the plausibility of the alleged conspiracy, and to demonstrate that, if the Court concludes the current allegations are insufficient as to Mallory, amendment would not be futile and dismissal should be with leave to amend.

## BACKGROUND

The Second Amended Complaint alleges that Mallory maintained a preexisting, mutually supportive relationship with law enforcement, operated a law enforcement adjacent platform, collaborated with and provided a platform to MPD personnel, and amplified MPD's retaliatory objectives against Plaintiffs. *See* ECF 32 ¶¶ 22, 101–25.

Mallory moved to dismiss, arguing the complaint "does not allege any direct communication, agreement, or coordination between Defendant Mallory and any City of Medford official" and instead alleges only that Mallory acted in parallel with the City. ECF 37 at 4. At oral argument, Mallory's counsel argued that there was "no concrete evidence of

PAGE 2 – **PLAINTIFFS' NOTICE OF NEWLY DISCOVERED EVIDENCE RELEVANT TO DEFENDANT RYAN MALLORY'S MOTION TO DISMISS**

an agreement or a conspiracy" and "no overt act other than speech." Declaration of Alicia LeDuc Montgomery ("LeDuc Decl."), Ex. A (June 23, 2026 Oral Argument Tr. 38:13–18).

During oral argument, Plaintiffs argued that the complaint sufficiently alleges "parallel plus" conduct and evidence of conspiracy, including Mallory's preexisting close relationship with police, his support and platforming of police, his repetition of the City's talking points, and his publication of information about Plaintiffs in a booking report format. *Id*. at 39:1–15, 40:6–41:12, 43:17–44:19.

The Court asked how Mallory's conduct was conspiratorial, what information suggested nonpublic information came from the City, and how Plaintiffs connected MPD's conduct to Mallory. *Id*. at 39:9–10, 45:4–6, 47:15–22. The Court observed it was, "still having a hard time making that connection all the way back to Mr. Mallory." *Id*. at 48:7–11.

## NEWLY DISCOVERED RECORDS

On August 5, 2026, while researching a separate matter involving the Ashland Police Department ("APD"), Plaintiffs' counsel located two documents in a public records data set concerning law enforcement surveillance in Southern Oregon. The data set had been obtained and published online by Information for Public Use. Plaintiffs had not previously located these two documents in connection with this action.

Attached to the LeDuc Declaration as Exhibit B is an MPD Tactical Information Unit intelligence bulletin concerning a December 2, 2020 vigil for Aidan Ellison at the Jackson County Courthouse. The bulletin tracks attendance, identifies participating activist organizations and individuals, describes "known protesters & agitators," and discusses anticipated protest activity. It states, "APD received information from Ryan Mallory advising

PAGE 3 – **PLAINTIFFS' NOTICE OF NEWLY DISCOVERED EVIDENCE RELEVANT TO DEFENDANT RYAN MALLORY'S MOTION TO DISMISS**

protesters from Eugene will be attending this event." The bulletin further asks recipients to forward any additional "tips or information regarding this event."

Also attached is Exhibit C, a December 2, 2020 email chain between MPD analyst Divya S. Fisher and APD employee Jenette Bertocchi concerning monitoring and operational planning for the same vigil. Fisher asked whether the information had "come from Ryan Mallory" and stated, "I contacted Ryan who gave me some info . . . based on my prior experiences with Mallory some of his intel is sprinkled with his thoughts as opposed to facts." Fisher also reported checking multiple social media platforms and stated that she would notify APD immediately if she saw or heard of movement toward Ashland during the event.

These records are probative of the relationship and course of dealing between Mallory and MPD that were central to the Court's questions at oral argument. The records appear to show that, years before the conduct alleged against Plaintiffs, law enforcement agencies in including MPD treated Mallory as a source of information about activist activity, that MPD analyst Fisher affirmatively contacted Mallory for such information, that Fisher referred to Mallory's information as "intel," and that Fisher's reference to "prior experiences with Mallory" supports an inference that the contact was not isolated and was perhaps routine.

The newly discovered records therefore supply concrete factual support beyond shared viewpoints or parallel public speech. They support Plaintiffs' existing allegations that Mallory had a preexisting working relationship with law enforcement, exchanged information with law enforcement concerning activists and advocacy efforts, and functioned as a private, law enforcement adjacent source or adjunct. Considered with the allegations already pleaded, including Mallory's established ties to MPD personnel, his repetition of City talking points, his timing, his dissemination of Plaintiffs' identifying information in a

PAGE 4 – **PLAINTIFFS' NOTICE OF NEWLY DISCOVERED EVIDENCE RELEVANT TO DEFENDANT RYAN MALLORY'S MOTION TO DISMISS**

booking style format, and his amplification of the campaign against Plaintiffs, the records strengthen the reasonable inference that Mallory had the ability, opportunity, and established channels to coordinate and conspire with MPD.

**CONCLUSION**

Plaintiffs respectfully submit that the Second Amended Complaint alleges sufficient circumstantial facts to support a plausible inference of a tacit agreement between Mallory and the City of Medford, and that Mallory's motion should be denied.

Alternatively, if the Court concludes that the Second Amended Complaint does not presently allege enough facts connecting Mallory to the City, Plaintiffs respectfully request leave to amend. Plaintiffs can allege in good faith the additional facts reflected in Exhibits B and C. Those facts directly address the factual nexus discussed at oral argument and demonstrate that amendment would not be futile.

For these reasons, Plaintiffs respectfully request the Court deny Defendant Mallory's motion to dismiss or, in the alternative, grant Plaintiffs leave to amend.

DATED: August 7, 2026.                    Respectfully submitted,

LEDUC MONTGOMERY LLC

By: *s/Alicia LeDuc Montgomery*
Alicia LeDuc Montgomery, OSB # 173963
alicia@leducmontgomery.com
David LeDuc Montgomery, OSB #262952
david@leducmontgomery.com
704.702.6934

Marianne Dugan, OSB # 932563
CIVIL LIBERTIES DEFENSE CENTER
mdugan@cldc.org
541.687.9180

*Attorneys for Plaintiffs*

PAGE 5 – **PLAINTIFFS' NOTICE OF NEWLY DISCOVERED EVIDENCE RELEVANT TO DEFENDANT RYAN MALLORY'S MOTION TO DISMISS**